UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID CATA,<br><br>           Petitioner,<br><br>  v.<br><br>SILVA GARCIA, Warden,<br><br>           Respondent.<br>                                      / | No. C 03-3096 PJH (PR)<br><br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket nos. 27 & 29) |

       This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. Petitioner has filed a notice of appeal from the denial of his petition and requests a certificate of appealability (COA). Petitioner also has filed a request for the appointment of counsel on appeal.

       A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

       Here, the court denied the petition after finding: (1) admission of evidence of petitioner's prior sexual assault did not violate his constitutional right to confrontation, (2) trial counsel was not ineffective for failing to object to a statement made by the victim of

the prior assault, (3) admission of evidence of the prior assault and the trial court's instruction to the jury on how to consider such evidence did not violate petitioner's constitutional right to due process, and (4) joinder of the counts relating to the two victims did not deprive petitioner of a fair trial.

Reasonable jurists would not find the court's rejection of petitioner's claims debatable or wrong. Accordingly, petitioner's requests for a certificate of appealability and for the appointment of counsel on appeal are **DENIED**. (Docket nos. 27 & 29.)

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* Fed. R. App. P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* Fed. R. App. P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: May 14, 2008

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.03\Cata3096.COADeny.ECK